IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN DeANGELIS, ET AL. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ENCOMPASS HOME AND AUTO | : | |
| INSURANCE COMPANY, ET AL. | : | NO. 21-2577 |

**MEMORANDUM**

**Padova, J.**                                                                     January 12, 2022

Plaintiffs Kevin and Danielle DeAngelis initiated this action against Defendants Encompass Home and Auto Insurance Company ("Encompass"), which is their insurer, and Victor A. Hoffman, Jr., an appraiser, after their home was damaged in a windstorm. The Complaint asserts claims against Encompass for breach of contract and bad faith pursuant to 42 Pa. Cons. Stat. Ann § 8371, and claims against Hoffman, individually trading as Catastrophe Claim Works Inc., for negligence, intentional misconduct, tortious interference with contract, and "third party beneficiary." Hoffman has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of the four claims against him. For the following reasons, we grant in part and deny in part Hoffman's Motion.

**I.   BACKGROUND**

The facts alleged in the Complaint or set forth in undisputedly authentic documents that are integral to the Complaint are as follows.[1] Plaintiffs reside in a dwelling at 808 Tremont Drive

---

[1] On a motion to dismiss pursuant to Rule 12(b)(6), we are permitted to consider not only the allegations of the complaint, but also "undisputedly authentic documents" on which the plaintiffs' claims are based or that are "*integral to or explicitly relied upon* in the complaint." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)); Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

in Downingtown, Pennsylvania. (Compl. ¶ 1.) At all pertinent times, a residential insurance policy issued by Defendant Encompass (the "Policy") covered the Downingtown premises. (Id. ¶ 4; see also Policy Declarations Page, Ex. A to Compl.) On April 30, 2020, a windstorm damaged the insured premises. (Compl. ¶ 5.) Plaintiffs gave timely notice to Encompass of their covered loss. (Id. ¶ 6.) "Encompass, despite demand for benefits under the Policy, has refused, . . . and continues to refuse, to pay to Plaintiff[s] monies owed for the damages suffered as a result of the loss." (Id. ¶ 7.)

The claim was sent to appraisal pursuant to the Appraisal Provision in the policy in order to determine the amount of the loss. (Id. ¶¶ 9, 12.) The Appraisal Provision states as follows:

> **Appraisal.**
>
> If we and you do not agree on the amount of the loss, either may demand an appraisal of the loss. In this event each party will select a competent and disinterested appraiser . . . . The two appraisers will select an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where your residence premises is located. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire.

(Id. ¶ 12.) Encompass named Hoffman as its appraiser. (Id. ¶ 10.) According to the Complaint, "Hoffman refused to properly appraise the claim in an unbiased and neutral manner" pursuant to the terms and conditions of the Policy. (Id. ¶ 13.)

Plaintiffs commenced this action in the Court of Philadelphia Common Pleas of Philadelphia County on April 27, 2021. Encompass subsequently removed the action to this Court based on diversity of citizenship.

The Complaint contains four Counts against Hoffman. Count III asserts a negligence claim, alleging that Hoffman breached a duty to maintain impartiality during the appraisal process "by improperly accepting direction from Encompass as to the scope and limits of the appraisal."

(Compl. ¶ 30.)  Count IV asserts an "intentional misconduct" claim, alleging that Hoffman acted "in an intentional and reckless manner to deprive Plaintiff[s] of [the] benefits" owed to them under the Policy.  (Id. ¶ 32.)  Count V asserts a claim for tortious interference with contract, alleging that Hoffman interfered with Plaintiffs' contract with Encompass by failing to act as an independent and unbiased appraiser.  Count VI asserts a "third party beneficiary" claim against Hoffman, alleging that Plaintiffs are third-party beneficiaries to a contract between Hoffman and Encompass and that Hoffman breached his duty under that contract to provide an impartial appraisal.

## II.   LEGAL STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6), we typically "consider only the complaint, exhibits attached to the complaint, [and] matters of public record."  Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).   We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiffs.  DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (citing Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011)).  Legal conclusions, however, receive no deference, as the court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Wood v. Moss, 572 U.S. 744, 755 n.5 (2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  The complaint must contain "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to

draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "A complaint that pleads facts 'merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief.'" Connelly v. Lane Constr. Corp., 809 F.3d 780, 786 (3d Cir. 2016) (quoting Iqbal, 556 U.S. at 678). "The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. at 786-87 (quoting Iqbal, 556 U.S. at 679). In the end, we will grant a motion to dismiss brought pursuant to Rule 12(b)(6) if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level." W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 169 (3d Cir. 2013) (quoting Twombly, 550 U.S. at 555).

**III.   DISCUSSION**

Hoffman has moved to dismiss all four Counts against him for failure to state claims upon which relief can be granted. Plaintiffs oppose the Motion as to all four Counts, and Encompass opposes the Motion as to the negligence Count and the Count asserting tortious interference with contract.

**A.   Count III – Negligence**

The Complaint asserts in Count III that Hoffman is liable in negligence because he breached a duty owed to Plaintiffs to provide an impartial appraisal. Hoffman argues that we

should dismiss this claim for failure to state a claim upon which relief can be granted because he has no duty to Plaintiffs under Pennsylvania law that could give rise to a negligence claim.[2]

In Pennsylvania, the elements of a negligence claim are 1) a duty owed to the plaintiff by the defendant; 2) a breach of that duty; 3) a causal connection between the breach and the resulting injury; and 4) actual loss or damages. Davenport v. Medtronic, Inc., 302 F. Supp. 2d 419, 439 (E.D. Pa. 2004) (citing Morena v. S. Hills Health Sys., 462 A.2d 680, 684 n.5 (Pa. 1983)). Thus, a threshold requirement for any negligence cause of action is that the defendant owed a duty of care to the plaintiff. Althaus ex rel. Althaus v. Cohen, 756 A.2d 1166, 1168 (Pa. 2000) (citing Gibbs v. Ernst, 647 A.2d 882, 890 (Pa. 1994)).

The Pennsylvania Supreme Court has not addressed the question of whether an appraiser hired by an insurer owes a duty of care to the insured. In Tippett v. Ameriprise Ins. Co., Civ. A. No. 14-4710, 2015 WL 1345442 (E.D. Pa. March 25, 2015), the court predicted that the Pennsylvania Supreme Court would not impose such a duty. Id. at *5. Noting that no intermediate appellate court in Pennsylvania or federal court had determined whether an adjuster owed such a duty, the Tippett court looked to decisions of other state supreme courts.[3] Id. at *4 (citing Spence v. ESAB Grp., Inc., 623 F.3d 212, 216-17 (3d Cir. 2010) (stating that when a state's highest court has not addressed an issue, a court must predict how the highest court would rule by looking at decisions of the state's intermediate appellate courts, federal courts interpreting the state's law, and other state supreme courts)). In doing so, it found that the majority of state supreme courts that had ruled on the issue had concluded that "an insured cannot bring a negligence claim against an independent insurance adjuster because an independent insurance adjuster owes

---

[2] There is no dispute that Pennsylvania law applies to this case.

[3] No party contends that appraisers should be treated differently than adjusters.

the insured no duty of care." Id. at *4 (collecting cases). It also noted that the United States Court of Appeals for the Seventh Circuit has predicted that the Indiana Supreme Court would hold that adjusters owe no duty of care to insureds and cannot be sued by an insured for negligence. Id. (citing Lodholtz v. York Risk Servs. Grp., 778 F.3d 635, 641, 641 n.11 (7th Cir. 2015)).

Tippett observed that courts have offered "two rationales" for the absence of such a duty. Id. at *5. First, courts note that insureds may recover for an adjuster's torts by bringing breach of contract and bad faith claims against their insurers, and that imposing a duty on the appraiser as well "'would allow for potential double recovery' from both insurer and adjuster for the same conduct." Id. at *5 (quoting Trinity Baptist Church v. Bhd. Mut. Ins. Servs., LLC, 341 P.3d 75, 82, 86 (Okla. 2014)). Second, courts note that "imposing a duty on the adjuster to the insured could create 'an irreconcilable conflict between such duty and the adjuster's contractual duty to follow the instruction of its client, the insurer.'" Id. (quoting Trinity Baptist Church, 341 P.3d at 86). Tippett states that "[b]oth rationales . . . are consistent with existing Pennsylvania law," which "permit[s] insureds to sue their insurers for the actions of their insurers' agents," id. (citing Bruno v. Erie Ins. Co., 106 A.3d 48, 70 (Pa. 2014)), and recognizes that "independent insurance adjusters 'owe a duty of performance to their principals, the insurance companies,'" id. (quoting Bleday v. OUM Grp., 645 A.2d 1358, 1363 (Pa. Super. Ct. 1994)). Notably, more recently, a second court in this district, relying on Tippett, likewise concluded that "it is unlikely that the Supreme Court of Pennsylvania would impose a duty of care on adjusters to insureds." Penn-Dion Corp. v. Great Am. Ins. Co. of New York, Civ. A. No. 17-4634, 2019 WL 400543, at *16 (E.D. Pa. Jan. 31, 2019).

In urging us to reject the logic of these decisions and find to the contrary that Hoffman owed a duty to Plaintiffs, both Plaintiffs and Encompass point to the decision in Kennedy v.

6

Allstate Property and Casualty Insurance Company, Civ. A. No. 15-2221, 2015 WL 4111816 (E.D. Pa. July 8, 2015), in which insureds sued both their insurance company and the insurance company's adjusters. In Kennedy, the question before the court was whether to grant the plaintiffs' motion to remand the case, when the defendants argued that the plaintiffs had fraudulently joined the adjusters in order to destroy diversity jurisdiction. Defendants argued, inter alia, that plaintiffs had no colorable cause of action for negligence against the adjuster because an adjuster owes no duty of care to the insured under Pennsylvania law. The Kennedy court acknowledged that Tippett had dismissed a negligence claim against an independent adjuster based on the conclusion that the Pennsylvania Supreme Court was "unlikely to impose a duty of care on adjusters to insureds." Id. at *3 (quoting Tippett, 2015 WL 1345442, at *5). However, the Kennedy court stated that "Tippett was adjudicated on 'a much different standard'" than was applicable on a motion to remand. Id. (quoting Carter v. Phillip Morris Corp., 106 F. Supp. 2d 768. 772, n.9 (E.D. Pa. 2000). In the Kennedy court's view, because there was no Pennsylvania case directly on point, it could not say that the plaintiffs had not stated a colorable claim against the adjusters. Id. (citing Carter, 106 F. Supp. 2d at 771). It elaborated that a "federal judge's prediction of state law in the absence of a dispositive holding of the state supreme court often verges on the lawmaking function of that state court," id. at *4 (quotation omitted), and that it is "even more problematic to allow removal of a case presenting a novel question of state law where 'there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants,'" id. (quoting In re Briscoe, 448 F.3d 201, 217 (3d Cir. 2006)). Ultimately, the Kennedy court refused to conclude "in [its] preliminary jurisdictional determination" that plaintiffs could not state a colorable negligence claim. Id. (quoting Abels v.

State Farm Fire & Cas. Co., 770 F.2d 26, 32-33 (3d Cir. 1985)). As a result of this determination and others, it remanded the case. Id. at *9.

Given the distinguishable procedural posture of Kennedy and the thoughtful analysis in Tippett, we will follow the lead of Tippett and conclude that Plaintiffs cannot state a negligence claim upon which relief can be granted against Hoffman. We are persuaded by Tippett's reasoning that Pennsylvania would not recognize a duty owed to an insured by the insurance company's adjuster or appraiser.[4] This conclusion is particularly appropriate in the instant case,

---

[4] In addition to relying on the decision in Kennedy, Plaintiffs contend that we should find that Hoffman owed them a duty of care pursuant to Restatement (Second) of Torts § 324A, which addresses the "liability of third persons for negligent performance of an undertaking." Specifically, section 324A states:
> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
> (a) his failure to exercise reasonable care increases the risk of such harm, or
> (b) he has undertaken to perform a duty owed by the other to the third person, or
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Restatement 2d Torts § 324A. Plaintiffs argue that Hoffman can be held liable under any of the provision's three alternative avenues for imposition of a duty because Hoffman undertook a duty owed to Plaintiffs by Encompass; his failure to exercise reasonable care in performing this duty increased the risk of Plaintiffs' insurance claim being denied; and Plaintiffs relied on Hoffman to fairly appraise the Property and his refusal to do so was a proximate cause of Plaintiffs' claim being denied.

However, Plaintiffs have identified no court that has imposed a duty on an insurance adjuster or appraiser pursuant to § 324A. Moreover, § 324A, by its terms, only provides for imposition of a duty when "physical harm result[s] from [the] failure to exercise reasonable care" and, here, there is no allegation that Plaintiffs suffered physical harm as a result of Hoffman's alleged negligence. See Sound of Market St., Inc. v. Continental Bank Int'l, 819 F.2d 384, 392 (3d Cir 1987) (finding no Pennsylvania case that has imposed liability pursuant to § 324A in the absence of physical injury and affirmative conduct (citations omitted)); see also Schaefer v. Indymac Mortg. Servs., 731 F.3d 98, 104 (1st Cir. 2013) (stating that "courts in a large number of jurisdictions have read the references to 'physical harm' in . . . § 324A . . . as affirmatively precluding recovery for economic losses" (citations omitted)). Accordingly, in the absence of any

where it appears that Hoffman was Encompass's chosen appraiser pursuant to the Appraisal Provision in the Policy; Plaintiffs were permitted to choose their own competing appraiser; and, if the two appraisers disagreed, they were to submit their differences to a jointly-chosen umpire. (Compl. ¶ 12.) Under these circumstances, it seems plain that the initial appraisers that Plaintiffs and Encompass chose under this provision only owed a duty to the party who selected them. Indeed, to conclude otherwise would open the door to permitting both Plaintiffs and Encompass to sue the other's chosen appraiser in tort rather than proceed with the contractual agreement to have a jointly-chosen umpire resolve any disagreement between the appraisers.

In sum, we conclude that Plaintiffs' negligence claim against Hoffman fails to state a claim upon which relief can be granted because Pennsylvania law does not recognize a duty owed by an insurer's independent appraiser to the insured. We therefore grant Hoffman's Motion insofar as it seeks dismissal of Plaintiff's negligence claim in Count III.

### B. Count IV – Intentional Misconduct

Count IV of the Complaint asserts an "intentional misconduct" claim against Hoffman. Specifically, the Complaint asserts that Hoffman "breached the covenant of good faith and fair dealing" by intentionally and recklessly "depriv[ing] Plaintiff[s] of benefits owed [to them] under the Policy" by taking direction from Encompass throughout the appraisal process. (Compl. ¶¶ 32-33.) In his Motion, Hoffman construes this claim as an attempt to assert a common law bad faith claim, but Plaintiffs specifically disavow that the claim in this Count is either a bad faith claim or a breach of contract claim. (Pl.'s Br. in Opposition to Mot. to Dismiss ("Pl. Br.") at 8.) Rather, Plaintiffs assert that they "do not allege a contractual agreement between Hoffman and

---

legal authority that supports the application of § 324A to an appraiser or any argument as to why § 342A should apply when there is no allegation of physical harm, we conclude that § 324A does not support a conclusion that Hoffman owed a duty to Plaintiffs.

Plaintiffs" and that their claim in Count IV "sounds only in the intentional misconduct of Hoffman and not a breach of contract or bad faith claim." (Id.)

We are at a loss as to what claim Plaintiffs are attempting to pursue when they assert a breach of the covenant of good faith and fair dealing, which is a contractual claim under Pennsylvania law, but then expressly deny that their claim is contractual. See Kamco Indus. Sales, Inc. v. Lovejoy, Inc., 779 F. Supp. 2d 416, 426 n.8 (E.D. Pa. 2011) (noting that, under Pennsylvania law, a breach of the covenant of good faith is a breach of contract action and, thus, "a plaintiff pursuing an implied duty theory must bring a breach of contract action" (quoting Burland v. ManorCare Health Servs., Inc., Civ. A. No. 98-4802, 1999 WL 58580, at *4 (E.D. Pa. 1999)); Lyon Fin. Servs., Inc. v. Woodlake Imaging, LLC, Civ. A. No. 04-3334, 2005 WL 331695, at *8 (E.D. Pa. Feb. 9, 2005) (observing that "Pennsylvania law does not . . . recognize an independent claim for breach of the implied covenant of good faith and fair dealing" and that "[a]ny claim for breach of the covenant of good faith and fair dealing is maintained as a breach of contract action" (citations omitted)). Indeed, Plaintiffs cite no legal authority for their purported non-contractual intentional misconduct claim based on a breach of the duty of good faith and fair dealing. Under these circumstances, we are unable to discern a cognizable claim in Count IV of the Complaint, and we grant Hoffman's Motion insofar as it seeks dismissal of the claim in Count IV.

C.   **Count V – Tortious Interference with Contract**

Count V of the Complaint asserts a claim of tortious interference with contract. Hoffman has moved to dismiss this claim, arguing that Plaintiffs have failed to allege facts that support the essential elements of a tortious interference claim.

To state a claim for tortious interference with contract under Pennsylvania law, a plaintiff

10

must allege:

> (1) the existence of a contractual, or prospective contractual relation between the complainant and a third party;
>
> (2) purposeful action on the part of the defendant, specifically intended to harm the existing relation, or to prevent a prospective relation from occurring;
>
> (3) the absence of privilege or justification on the part of the defendant; and
>
> (4) the occasioning of actual legal damage as a result of the defendant's conduct.

Crivelli v. Gen. Motors Corp., 215 F.3d 386, 394 (3d Cir. 2000) (quoting Strickland v. Univ. of Scranton, 700 A.2d 979, 985 (Pa. Super. Ct. 1997)).

Here, the Complaint alleges that Plaintiffs and Encompass were parties to an insurance policy and that Hoffman was aware of that policy. (Compl. ¶¶ 4, 16, Ex. A.) It further alleges that, in accordance with the terms and conditions of the Policy, "Hoffman . . . was supposed to be acting as an independent and unbiased appraiser in connection with the loss at Plaintiff[s'] Property." (Compl. ¶ 36.) Instead, it alleges, Hoffman "fail[ed] to maintain impartiality, improperly accept[ed] direction from Encompass and . . . unnecessarily limit[ed] the scope of the appraisal," thereby "interfer[ing] with the fulfillment of the terms of the Policy." (Id. ¶ 39.)

Hoffman argues that these allegations are insufficient to plausibly allege both that he acted purposefully to harm the relationship between Plaintiffs and Encompass, and that he acted in the absence of privilege or justification. In arguing that Plaintiffs have not adequately pled these elements, Hoffman relies on the case of Steven J., Inc. v. Landmark American Insurance Company, Civ. A. No. 14-474, 2014 WL 4672498 (M.D. Pa. Sept. 18. 2014), which concluded that "the simple act of a claims adjuster investigating and opining upon an insurance claim at the request of an insurance company cannot, without further well-pleaded facts . . . rise to the level of

tortious interference with a contract." Id. at *4.  The Steven J. court reasoned that such "conduct does not entail 'purposeful action on the part of the defendant, specifically intended to harm the existing relation, [undertaken in] the absence of privilege or justification.'" Id. at *4 (alteration in original) (quoting The York Grp., Inc. v. Yorktowne Caskets, Inc., 924 A.2d 1234, 1245 (Pa. Super. Ct. 2007)).  It observed that an "adjuster's 'job [is] to investigate and report to [the insurance company] on the cause of loss'" pursuant to a contract between the adjuster and the insurance company.  Id. (second alteration in original) (quoting Council Tower Ass'n v. Axis Specialty Ins. Co., 630 F.3d 725, 731 (8th Cir. 2011)) (additional citations omitted).  While the adjuster's results "may, on occasion [be] misguided, uninformed and wrong . . . the insured may pursue relief through litigation under the policy itself."  Id.

Plaintiffs and Encompass argue that, unlike the complaint in Steven J., the Complaint in the instant case does not allege that Hoffman merely investigated and opined upon Plaintiffs' insurance claim and reached an incorrect result  Rather, as noted above, the Complaint alleges that Hoffman had an obligation, pursuant to the Appraisal Provision in the Policy, to act as a "disinterested" appraiser and he instead accepted direction from Encompass and was partial to results that favored Encompass, "refus[ing] to properly appraise the claim in an unbiased and neutral manner."  (Compl. ¶¶ 12-13, 39.)  The Complaint also alleges that Hoffman acted "willfully and unjustifiably" insofar as he restricted the rights of Plaintiffs by taking direction from Encompass throughout the appraisal process."  (Id. ¶ 33.)

Under these circumstances, although the Complaint is short on details, we believe that this case is distinguishable from Steven J. and that the allegations are sufficient to state a cognizable claim for tortious interference at this early stage of the proceedings.  We therefore deny Hoffman's Motion insofar as it seeks dismissal of the tortious interference with contract claim in

12

Count V.

### D.     Count VI – Third-Party Beneficiary

Count VI asserts a "Third Party Beneficiary" claim against Hoffman. Hoffman argues that we should dismiss this claim against him because the Complaint does not allege facts that could support a conclusion that Plaintiffs were third-party beneficiaries to the insurer's contract with Hoffman.

"Under Pennsylvania law, a party becomes a third-party beneficiary to a contract . . . if 'both parties to the contract express an intention to benefit the third party in the contract itself.'" Tippett, 2015 WL 1345442, at *5 (quoting Scarpitti v. Weborg, 609 A.2d 147, 150 (Pa. 1992)). Where there is no express intention to benefit a third party, the third party may nevertheless be an implied third-party beneficiary where (1) "the circumstances are so compelling that recognition of the beneficiary's right is appropriate to effectuate the intention of the parties," and (2) "the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance." Id. at *5 (quoting Scarpitti, 609 A.2d at 150).

In Tippett, the court considered whether the insured plaintiffs in that case could assert a third-party beneficiary claim against the insurers' independent insurance adjuster. In concluding that they could not, the court first looked at the contract (a work order) between the insurers and the adjuster and concluded that the parties did not express an intent to benefit the insured in that contract. 2015 WL 1345442, at *6. It then considered whether the insureds were nevertheless intended beneficiaries of the parties' agreement. Id. Upon doing so, the court noted that the Pennsylvania Supreme Court has characterized the first element of the intended beneficiary test as a "'standing requirement,' which 'leaves discretion with the trial court to determine if recognition of a third-party beneficiary would be appropriate.'" Id. (quoting Guy v. Liederbach, 459 A.2d

13

744, 751 (Pa. 1983)).  In the case before it, the Tippett court concluded that there were no "compelling circumstances that would make it appropriate to recognize [the insureds'] third party right," noting that the insureds already had a remedy for any misconduct by the adjuster insofar as they could bring a breach of contract action against the insurers for the adjuster's misconduct under principles of agency.   Id. (citing Hudock v. Donegal Mut. Ins. Co., 264 A.2d 668, 672 (Pa. 1972)). It further stated that "recognizing [a] third-party right would not effectuate the contracting parties' intent," because the insurers retained the independent adjuster "to aid [their own] policy coverage determination . . . , not to advocate for or benefit the [insured]."  Id.   It added: "[t]hat the [insureds] hired their own adjuster . . . to represent their interests during the claims process, suggests that [they] knew that [the insurance companies' adjuster's] work was not intended for their benefit."  Id. at *6.

In the instant case, as in Tippett, the Complaint includes no factual allegations that give rise to a reasonable inference that Encompass and Hoffman, in contracting for Hoffman to provide an appraisal, intended for Plaintiffs to be the beneficiary of that agreement.   Indeed, the Complaint does not allege—and Plaintiffs do not argue—that there was an express intention to benefit them, and Plaintiffs only argue that they "would have benefited from" Hoffman's performance of a fair appraisal, without arguing that Hoffman and Encompass actually intended them to benefit from Hoffman's appraisal.  (Pl. Br. at 6.)  Finally, there is simply no compelling reason to deem Plaintiffs to be intended third-party beneficiaries of the alleged contract between Encompass and Hoffman, when Plaintiffs can bring (and indeed, have brought) a breach of contract action against Encompass for any denial of coverage based on a flawed or partial appraisal.

For all of these reasons, we grant Hoffman's Motion insofar as it seeks dismissal of the third-party beneficiary claim in Count VI of the Complaint.

## IV. CONCLUSION

For the foregoing reasons, we grant in part and deny in part Hoffman's Motion to Dismiss. Specifically, we grant the Motion insofar as Hoffman seeks dismissal of the negligence, intentional misconduct, and third-party beneficiary claims against him in Count III, IV and VI, and deny the Motion insofar as Hoffman seeks dismissal of the tortious interference with contract claim against him in Count V.

An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.
_____
John R. Padova, J.